UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALLANDO GROSE,

          **Plaintiff,**

                                        Civil Action 2:11-cv-00191
   **v.**                                Judge Peter C. Economus
                                          Magistrate Judge E.A. Preston Deavers

BRENT MILLER,

          **Defendant.**

## REPORT AND RECOMMENDATION

The Court held a status conference on January 4, 2012.  At the conference counsel for Plaintiff informed the Court that he was planning to move to withdraw because Plaintiff had ceased communications.  On January 9, 2012, Plaintiff's counsel filed a Motion for Withdraw detailing Plaintiff's lack of communication and participation in this action.  The Court granted this motion on January 10, 2012 and set the matter for a status conference on January 25, 2012. The Court cautioned Plaintiff that, if he was unable to obtain new counsel, he must attend the conference himself and failure to do so would result in dismissal of this action for failure to prosecute.

Plaintiff failed to attend the status conference.  Accordingly, on January 25, 2012, the Court issued a Show Cause Order requiring Plaintiff to demonstrate, within twenty-one days, why this case should not be dismissed for failure to prosecute.  The Court explicitly advised Plaintiff that failure to respond to this order would result in dismissal.  As of the date of this Report and Recommendation, Plaintiff has failed to respond to the Show Cause Order.

Federal Rule of Civil Procedure 41(b) allows the Court to dismiss a plaintiff's action "[i]f

the plaintiff fails to prosecute or to comply with . . . a court order . . . ."  In this case, the record

reflects that Plaintiff ceased communicating with his attorneys and has failed to respond to

multiple Court Orders.  Additionally, the Court has advised Plaintiff twice that his failure to

participate would result in dismissal of this action.  Under the circumstances of this case, the

Court finds a dismissal for failure to prosecute appropriate.

Accordingly, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Action for

failure to prosecute.  As the Court is unaware of why Plaintiff has stopped participating in this

action, and in an abundance of caution, it is **RECOMMENDED** that this dismissal be

**WITHOUT PREJUDICE**.

If any party seeks review by the District Judge of this Report and Recommendation, that

party may, within fourteen (14) days, file and serve on all parties objections to the Report and

Recommendation, specifically designating this Report and Recommendation, and the part in

question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy.

Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and

Recommendation will result in a waiver of the right to *de novo* review by the District Judge and

waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex*

*Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate

judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district

court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to

magistrate judge's report and recommendation).  Even when timely objections are filed, appellate

review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994

(6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the

issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

    **IT IS SO ORDERED.**

Date: February 24, 2012                      /s/ *Elizabeth A. Preston Deavers*

                                         Elizabeth A. Preston Deavers
                                         United States Magistrate Judge